**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| REGINALD JONES, BERNARD WOULARD, | ) | |
| KENNETH NETTLES | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| SOUTHERN INTERMODAL XPRESS, | ) | |
| LLC, LAZER SPOT, INC., LAZER SPOT | ) | |
| HOLDINGS CORP. | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

_____/

## COMPLAINT

COME NOW, the Plaintiffs REGINALD JONES, BERNARD WOULARD, and KENNETH NETTLES, by and through the undersigned counsel, sue SOUTHERN INTERMODAL XPRESS, LLC. In support of these suits, Plaintiffs allege the following:

## PARTIES

1.    Plaintiffs, REGINALD JONES, BERNARD WOULARD, and KENNETH NETTLES, (hereinafter collectively referred to as "Plaintiffs"), gained employment and/or worked for Defendant SOUTHERN INTERMODAL XPRESS, LLC on or after April 1, 2015.

2.    Plaintiffs are residents of the State of Alabama and were employees of Defendant SOUTHERN INTERMODAL XPRESS, LLC within the three (3) years before the date on which this Complaint was filed. At all times material herein, Plaintiffs

were employees of Defendant SOUTHERN INTERMODAL XPRESS, LLC within the meaning of the Act, 29 U.S.C. § 203(e)(1).

3.      Defendant, SOUTHERN INTERMODAL XPRESS, LLC, is an Alabama for-profit Limited Liability Company duly licensed and organized under the laws of the State of Alabama and is engaged in the business of, but not limited to, providing a range of container drayage, flat bed, bulk hauling, and warehouse services.

4.      Based on information and belief, Defendant SOUTHERN INTERMODAL XPRESS, LLC's principal place of business is in Mobile, Alabama, is at 620 Bay Bridge Road, Mobile, Mobile County, Alabama 36610.

5.      Defendant SOUTHERN INTERMODAL XPRESS, LLC, at all times material, are "employers" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

7.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendant Intermodal and Defendant SPOT do/did business within this District. In addition,

a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## CAUSES OF ACTION

### COUNT I – FAILURE TO PAY OVERTIME UNDER THE FLSA

9.    Plaintiffs re-alleges and incorporates Paragraphs one (1) through eight (8), as if fully set forth herein.

10.    The Defendant, SOUTHERN INTERMODAL XPRESS, LLC (hereinafter referred to as "SIX, LLC"), is an employer and enterprise engaged in interstate commerce.

11.    Defendant SIX, LLC, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Alabama, and by transacting business across state lines, all of which are part of interstate commerce.

12.    Furthermore, Defendant SIX, LLC obtain, exchange, and send/receive funds to and from outside of the State of Alabama, use telephonic transmissions going outside of the State of Alabama to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Alabama.

13.     The Defendant, SIX, LLC, has annual revenue of at least five hundred thousand dollars ($500,000.00).

14.     Defendant SIX, LLC control the day to day operations of their freight and warehouse services business and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, and other business operations.

15.     Defendant SIX, LLC supervise/supervised the operations of their freight and warehouse services business including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

16.     At all times material herein, Defendant SIX, LLC controlled Plaintiffs' day to day activities, supervised, and/or had operational control over Plaintiffs. Defendant SIX, LLC was responsible for hiring the Plaintiffs, having the ability to terminate Plaintiffs, setting Plaintiffs' rate of pay, determining if overtime was to be paid, determining if bonuses/commission(s) were to be paid, setting Plaintiffs' work schedules including the number of days and hours worked, determining and assigning Plaintiffs' work duties, and supervising them.

17.     While employed as spotter drivers for Defendant SIX, LLC, Plaintiffs' work duties included, but were not limited to, moving/spotting freight trailers on Defendant SIX, LLC facilities and/or moving/spotting freight trailers from the trailer yard to various loading docks/bays at the plant/facility.

18.     During their employment with Defendant SIX, LLC as spotter drivers, Plaintiffs did not make any interstate deliveries or transports.

19.     During their employment with Defendant SIX, LLC as spotter drivers, Plaintiffs were not reasonably expected to be asked to make interstate deliveries or transports.

20.     Plaintiffs' duties and/or continuing duties did not affect or have substantial direct effect on the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce.

21.     If Plaintiffs were involved in any "safety-affecting" activities, such were so trivial, casual, and insignificant as to be de minimis.

22.     Plaintiffs's were "non-exempt" employees of Defendant SIX, LLC.

23.     Plaintiffs were not exempt from overtime under the Motor Carrier Act exemption, 29 U.S.C. § 213(b), because they were not a "driver," "driver's helper," "loader," or "mechanic" as those terms are defined in the regulations related to 29 U.S.C. § 213(b).

24.     Additionally, and/or alternatively, Plaintiffs' duties performed as spotter drivers for Defendant SIX, LLC are not within the jurisdiction of the Department of Transportation (DOT).

25.     Plaintiffs were hourly employees for Defendant SIX, LLC.

26.     Plaintiffs worked the number of hours required of them by Defendant SIX, LLC, but were not paid for each and every hour worked during a work week.

27.     Defendant SIX, LLC suffered and permitted Plaintiffs to work for them but did not pay them for all work that they performed.

28.     Plaintiffs worked over forty (40) hours during one or more work weeks during their employment with Defendant SIX, LLC, but were not paid overtime compensation at the proper overtime rate by Defendant SIX, LLC for those hours worked over forty (40) in a work week.

29.     Defendant SIX, LLC paid Plaintiffs straight time, rather than time and a half, for all hours worked by Plaintiffs over forty (40) in a workweek.

30.     The records concerning the hours worked by Plaintiffs are in the exclusive possession and sole custody and control of Defendant SIX, LLC. Therefore, Plaintiffs are unable to determine and state the exact amount of damages due.

31.     Defendant SIX, LLC actions in failing and/or refusing to pay Plaintiffs the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

32.     Defendant SIX, LLC hired Plaintiffs to work for them at/on their facilities/properties in the Mobile, Alabama, area.  Plaintiffs worked with Defendant SIX, LLC within the three years before the date on which this Complaint was filed.

33.     During their time as employees of Defendant SIX, LLC, Plaintiffs worked as and performed the essential duties of a spotter driver for Defendant SIX, LLC.

34.    On average, Plaintiffs worked between fifty-five (55) and sixty (60) hours in a workweek for Defendant SIX, LLC and sometimes worked in excess of 60 hours in a workweek.

35.    Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

36.    Plaintiffs were not exempt from receiving overtime compensation under the FLSA.

37.    Defendant SIX, LLC employed Plaintiffs in excess of forty (40) hours in at least one work week without paying them at a rate of one and one half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiffs' rights under § 207 of the FLSA.

38.    As a consequence of Defendant SIX, LLC's violation of the FLSA, Plaintiffs are entitled to one and one half (1 ½) times their regular rate of pay for all hours they worked in excess of 40 hours for each week they were employed by Defendant SIX, LLC and for which they were not paid one and one half times (1 ½) their regular rate.

39.    Defendant SIX, LLC knew and were aware at all times that Plaintiffs worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

40.     Defendant SIX, LLC failed and refused to properly compensate Plaintiffs at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

41.     Defendant SIX, LLC knew, or showed reckless disregard for the fact, that their failure to pay Plaintiffs as alleged herein was in violation of the FLSA.

42.     The actions of Defendant SIX, LLC complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

43.     Because of Defendants' actions, Plaintiffs have retained the undersigned attorneys, and Defendant SIX, LLC is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

44.     As a result of the unlawful acts of Defendant SIX, LLC, Plaintiffs has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiffs prays that this Honorable Court:

A.     Enter judgment for Plaintiffs and against Defendant SIX, LLC on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiffs;

B.     Award Plaintiffs actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C.     Award Plaintiffs an equal amount in liquidated damages;

D.     Award Plaintiffs reasonable attorney's fees and costs of suit;

E.   Enter a declaration that the spotter drivers employed by Southern Intermodal are not exempt from receiving overtime compensation under the FLSA.

F.   Enter a judgment according to the declaratory relief sought; and

G.   Grant such other and further relief as this Court deems equitable and just.

H.   Plaintiffs demands a trial by jury.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

DATED this 27th day of November, 2017.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
AL Bar No. ASB-1579-L64J
MICHAEL T. STALLINGS, ESQ
AL Bar No. ASB-1579-L64J
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiffs*